UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                         Plaintiff,

        v.

KROLL RESTRUCTURING
ADMINISTRATION LLC,

                        Defendant.

Case No. 1:26-cv-2363-JPC

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Lara A. Flath
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
lara.flath@skadden.com

William E. Ridgway
 (*pro hac vice* forthcoming)
Clare B. Lilek
 (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
320 S. Canal St., Ste 4700
Chicago, Illinois 60606
Tel: (312) 407-0700
william.ridgway@skadden.com
clare.lilek@skadden.com

*Counsel for Defendant Kroll Restructuring
Administration LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ........................................................................................................................... 1

LEGAL STANDARD ...................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

I.      PLAINTIFF'S IDENTITY HAS NOT BEEN KEPT CONFIDENTIAL. ......................... 3

II.     KRA WOULD BE PREJUDICED BY ALLOWING PLAINTIFF TO PROCEED
        ANONYMOUSLY. ........................................................................................................... 7

III.    PLAINTIFF'S CLAIMS DO NOT CONCERN HIGHLY SENSITIVE
        MATTERS OF A PERSONAL NATURE. ....................................................................... 8

IV.     PLAINTIFF IS NOT PARTICULARLY VULNERABLE IN LIGHT OF HIS
        AGE. ................................................................................................................................. 9

V.      PLAINTIFF IS NOT AT RISK OF RETALIATION ...................................................... 10

VI.     THE PUBLIC HAS AN INTEREST IN THIS LAWSUIT WHICH IS SERVED
        BY REVEALING PLAINTIFF'S IDENTITY. ................................................................ 11

VII.    DISCLOSING PLAINTIFF'S IDENTITY WOULD NOT SUBJECT HIM TO
        INCREMENTAL RISK OF HARM. ............................................................................... 13

VIII.   THERE ARE ALTERNATIVE MECHANISMS TO PROTECT THE
        CONFIDENTIALITY OF THE PLAINTIFF. ................................................................. 15

CONCLUSION ............................................................................................................................. 16

# TABLE OF AUTHORITIES

**CASES**

*Be v. Comcast Corp.*,
No. 20-CV-8571 (JPC), 2021 WL 694556 (S.D.N.Y. Feb. 23, 2021) ................................9

*Doe v. Alexander*,
No. 25 Civ. 2077 (JPC), 2025 WL 1637941 (S.D.N.Y. June 9, 2025)....................2, 11, 16

*Doe v. Combs*,
No. 24 Civ. 7776 (NRB), 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025) .............................8

*Doe v. Combs*,
No. 24 Civ. 8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025) ............................16

*Doe v. Deloitte LLP Grp. Ins. Plan*,
No. 23 Civ. 4743 (JPC), 2023 WL 3993758 (S.D.N.Y. June 13, 2023).............................9

*Doe v. Fashion Inst. of Tech.*,
No. 25 Civ. 950 (JPC), 2025 WL 1000927 (S.D.N.Y. Apr. 3, 2025)........................7, 9, 11

*Doe v. Freydin*,
No. 21 Civ. 8371 (NRB), 2021 WL 4991731 (S.D.N.Y. Oct. 27, 2021) ..........................13

*Doe v. Gong Xi Fa Cai, Inc.*,
No. 19-CV-2678 (RA), 2019 WL 3034793 (S.D.N.Y. July 10, 2019).............................13

*Doe v. Shakur*,
164 F.R.D. 359 (S.D.N.Y. 1996) ....................................................................................11

*Doe v. Telemundo Network Grp. LLC*,
No. 22 Civ. 7665 (JPC), 2023 WL 6259390 (S.D.N.Y. Sep. 26, 2023) ............................3

*Doe v. Townes*,
No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159 (S.D.N.Y. May 12, 2020)..7, 8, 10, 11

*Doe v. United Servs. Life Ins. Co.*,
123 F.R.D. 437 (S.D.N.Y. 1988) ......................................................................................9

*Doe v. United States*,
No. 16-cv-7256 (JGK), 2017 WL 2389701 (S.D.N.Y. June 1, 2017) .........................10, 11

*Doe v. Weinstein*,
484 F. Supp. 3d 90 (S.D.N.Y. 2020)..................................................................................2

*Guerrilla Girls, Inc. v. Kaz*,
224 F.R.D. 571 (S.D.N.Y. 2004) ......................................................................................9

*Rapp v. Fowler*,
    537 F. Supp. 3d 521 (S.D.N.Y. 2021)..................................................................................9

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008)..................................................2, 3, 8, 10, 11, 13

*United States v. Pilcher*,
    950 F.3d 39 (2d Cir. 2020)..................................................................................2

*United States v. Terranova*,
    750 F. Supp. 3d 15 (E.D.N.Y. 2024) ..................................................................9

*In re Waste Mgmt. Data Breach Litig.*,
    Nos. 21cv6147 (DLC), 21cv6199 (DLC), 21cv6257 (DLC), 21cv6902 (DLC), 2022 WL
    561734 (S.D.N.Y. Feb. 24, 2022) ......................................................................12

**STATUTES**

11 U.S.C. § 1102(b)(1) ........................................................................................4

11 U.S.C. § 107(b)-(c) ........................................................................................14

**RULES**

Fed. R. Civ. P. 10(a) ........................................................................................2

**INTRODUCTION**

Plaintiff John Doe asks this Court for the extraordinary relief of proceeding under a pseudonym—seeking to cast blame on Kroll Restructuring Administration LLC ("KRA") for his cryptocurrency losses while shielding himself from public scrutiny. But the anonymity Plaintiff now seeks is one he has already forfeited. Plaintiff voluntarily ████████████████████ ███████████████████████████████████ placing his name, personal email address, and status as one of the largest creditors of a cryptocurrency trading firm squarely in the public record. Having chosen to identify himself as a high-net-worth cryptocurrency investor in ███████████████████████, Plaintiff cannot now enlist this Court to undo that choice.

Plaintiff's suit against KRA alleges breach of contract as a third-party beneficiary, negligence, gross negligence, and breach of fiduciary duty arising from an August 2023 security incident at KRA. Am. Compl., ECF 9. According to Plaintiff, while KRA was serving as the court-appointed claims and noticing agent in the Genesis bankruptcy proceeding, it suffered a security incident that revealed Plaintiff's identity as one of "Genesis's most significant creditors" and caused him to fall victim to a "sophisticated social engineering scheme" orchestrated by a criminal enterprise. Am. Compl. ¶¶ 84, 91. Plaintiff seeks to hold KRA responsible for his resulting loss of Bitcoin, which he tallies at $375 million dollars.

Central to this case is whether the August 2023 security incident at KRA caused Plaintiff to fall victim—nearly a year later—to a scheme perpetrated by a criminal enterprise. Plaintiff will fall far short of establishing that causal link. As discussed below in the context of the *Sealed Plaintiff* factors, the criminal enterprise used information that Plaintiff himself had already made public ███████████████████████. KRA cannot be held responsible for those choices. Nor should it be forced to defend itself against sweeping allegations

leveled by an anonymous plaintiff—allegations that damage KRA's and its affiliates' business reputations—while denying KRA's ability to mount a full, public defense.

Granting the Motion would also prejudice KRA's ability to defend itself in the public eye and would undermine the public's legitimate interest in the fair adjudication of this dispute—all without shielding Plaintiff from any harm beyond that resulting from his prior disclosures. The Motion should therefore be denied.

## **LEGAL STANDARD**

Rule 10(a) requires that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement cannot be set aside lightly because "people have a right to know who is using their courts." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189  (2d Cir. 2008)). Thus, "there is a presumption that a plaintiff will proceed under [his] own name, such that 'pseudonyms are the exception and not the rule.'" *Doe v. Alexander*, No. 25 Civ. 2077 (JPC), 2025 WL 1637941, at *2 (S.D.N.Y. June 9, 2025) (quoting *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020)). It is the plaintiff's burden "to 'make a case rebutting' the presumption in favor of public disclosure." *Id.*

Exceptions to this rule are limited; a party may proceed anonymously only when the plaintiff demonstrates a "'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Weinstein*, 484 F. Supp. at 93 (quoting *Sealed Plaintiff*, 537 F.3d at 189). But allegations of privacy must rest "on more than just mere speculation." *Id.* The Second Circuit in *Sealed Plaintiff* identified a non-exhaustive list of factors to guide this inquiry:

(1)  whether the litigation involves matters that are highly sensitive and of a personal nature;
(2)  whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties;

2

(3)    whether identification presents other harms and the likely severity of those harms . . . ;

(4)    whether the plaintiff is particularly vulnerable . . . particularly in light of [her] age;

(5)    whether the suit is challenging the actions of the government or that of private parties;

(6)    whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously . . . ;

(7)    whether the plaintiff's identity has thus far been kept confidential;

(8)    whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity;

(9)    whether, because of the purely legal nature of the issues presented . . . there is an atypically weak public interest in knowing the litigants' identities; and

(10)   whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (citation modified).

## ARGUMENT

Plaintiff has failed to meet his burden of rebutting the presumption of open judicial proceedings. The *Sealed Plaintiff* factors—which require the Court to weigh the various interests of Plaintiff, KRA, and the public—favor requiring Plaintiff to proceed under his own name. Critically, Plaintiff's identity has not been kept confidential, and it is essential to understanding and defending against his claims. But that is far from the only factor favoring disclosure. Plaintiff's request would also prejudice KRA and disserve the public's interest without any conceivable benefit that could not be achieved through less drastic alternative measures. Accordingly, Plaintiff's Motion should be denied.

## I.    PLAINTIFF'S IDENTITY HAS NOT BEEN KEPT CONFIDENTIAL.

Plaintiff should not be permitted to proceed pseudonymously because his name and status as a high-net-worth cryptocurrency investor are not secret. Where a plaintiff's identity is no longer confidential, "this factor weighs strongly—almost dispositively—in favor of disclosure." *Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390, at *6–7 (S.D.N.Y. Sep. 26, 2023). Here, Plaintiff's name and status as a wealthy cryptocurrency investor were

3

revealed through ██████████████████████████████████████████

███████████████████████████████████████

*First*, Plaintiff was a known large creditor of Genesis—a fact that bears directly on the entire theory behind his claims. Plaintiff ██████████████, which made his status as a significant creditor well-known. *See* ██████████████████████████████████

███████████████████████████████████████

██ ("Ex. A") ████████████████████████████████████

███████████████████████████████████████

███████████████████ ("Ex. B") ████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ The potential wealth ██

████████ was thus a matter of public record. Am. Vol. Pet. Bankr., 9–10, *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL), ECF 27, (Bankr. S.D.N.Y. Jan. 20, 2023) ("Ex. C") (showing the top 50 unsecured individual creditors with claims exceeding $10 million, the top 20 largest creditors with claims over $40 million, and the largest individual creditor with a claim over $462 million). The Genesis bankruptcy court itself acknowledged that Genesis creditors "are generally understood to be high net worth investors." Pl. Ex. A at 12. Moreover, Genesis is in the business of trading, borrowing, and lending digital assets such as cryptocurrency (e.g., Bitcoin). *See* Pl. Ex. A at 3. It was readily inferred—and widely reported—that ██████████████ like Plaintiff, held significant cryptocurrency assets. *See, e.g.*, Gabrielle Saulsbery, *Genesis completes restructuring,      begins      payouts*,      Banking      Dive      (Aug.      5,      2024), https://www.bankingdive.com/news/genesis-crypto-completes-restructuring-begins-

payouts/723330/, (last visited Apr. 4, 2026) (noting that Genesis had Bitcoin, Ether, Solana, and other cryptocurrency creditors, some of whom received distribution in kind). ████████████

████████████████████████████████████████████████████████████

████████████ *See* Ex. A; Ex. B. ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ In short, disclosing Plaintiff's name in this case would reveal nothing that Plaintiff has not already revealed.

*Second*, Plaintiff's identity was not kept completely anonymous ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ ("Ex. D") ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

("Ex. E") ████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████



("Ex. F")

("Ex. G")

And *finally*, news articles discussing the theft of Plaintiff's Bitcoin surmised that Plaintiff was a creditor in the Genesis bankruptcy who lost a significant amount of money to the criminal enterprise. *See, e.g.*, Naga Avan-Nomayo, *Hacked Bitcoin whale may have lost $238m: ZachXBT*, Crypto News (Aug. 19, 2024), https://crypto.news/hacked-bitcoin-whale-may-have-lost-238m-zachxbt/ (last visited Apr. 7, 2026) (detailing that the possible victim who lost $238 million in Bitcoin may be a Genesis bankruptcy claimant).[3]

By Plaintiff's own admission, the information from the is sufficient to uncover his identity from a simple internet search. *See* Pl. Mem. 8, ECF 11 ("A person's name alone is sufficient to locate his home address, email address, and other personal information through internet searches."). Having Plaintiff proceed under his name would not reveal information that was previously kept confidential. This factor therefore weighs almost dispositively in favor of disclosure.

---

[2]    Exhibits B, D, and E were unsealed as to

[3]    *See also, e.g.*, Daniel Kuhn, *Blockchain sleuth ZachXBT alleges three attackers involved in $243 million theft of single Genesis creditor*, The Block, (Sep. 19, 2024), https://www.theblock.co/post/317349/blockchain-sleuth-zachxbt-alleges-three-perps-involved-in-243-million-theft-of-single-genesis-creditor, (last visited Apr. 7, 2026).

## II.    KRA WOULD BE PREJUDICED BY ALLOWING PLAINTIFF TO PROCEED ANONYMOUSLY.

Courts also consider whether allowing a plaintiff to proceed anonymously would prejudice the defendant. In analyzing this *Sealed Plaintiff* factor, courts examine "a variety of potential prejudice to a defendant including difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." *Doe v. Fashion Inst. of Tech.*, No. 25 Civ. 950 (JPC), 2025 WL 1000927, at *4 (S.D.N.Y. Apr. 3, 2025) (citation omitted). Here, KRA would be prejudiced on each score.

Allowing Plaintiff to proceed anonymously would undermine the fundamental fairness of this proceeding. There is inherent prejudice to a defendant when required to defend itself publicly while the plaintiff levels accusations "behind a cloak of anonymity." *Doe v. Townes*, No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020) (citation omitted). It is fundamentally unfair for KRA to bear the full reputational weight of Plaintiff's allegations, while Plaintiff himself is shielded from comparable public scrutiny.

Indeed, Plaintiff's allegations impugn KRA's reputation as a claims and noticing agent and KRA affiliates' reputations in the cybersecurity space—yet Plaintiff bears no reciprocal reputational exposure for his own role in the events at issue. Plaintiff critiques the businesses about their security practices and noticing obligations, alleging that KRA is the direct and proximate cause of his substantial loss. Yet facts about Plaintiff's identity—including the extent to which he shared his personal information before the criminal attack—bear directly on causation and are

7

central to KRA's defense.[4] If KRA's filings must be heavily redacted to preserve Plaintiff's anonymity, the result will be an unbalanced and misleading public record of this litigation.

Granting the Motion may also impede KRA's ability to conduct meaningful discovery. Plaintiff's Proposed Order would limit disclosure of his identity to KRA and this Court. *See* Pl. Proposed Order, ECF 13. Such a restriction would prevent KRA from disclosing Plaintiff's identity to third parties during discovery, thereby hindering KRA's ability to defend against these allegations. *Doe v. Combs*, No. 24 Civ. 7776 (NRB), 2025 WL 1079038, at *3 (S.D.N.Y. Apr. 9, 2025) ("However, despite plaintiff's claims, concealment of plaintiff's identity could hamper defendants' ability to conduct discovery. For example, defendants are likely to seek discoveries from third-party witnesses . . . When one party is anonymous and others are not, there exists a significant 'asymmetry in fact gathering.'"), *aff'd*, *Doe v. Combs*, Nos. 25-986, 25-991, 25-1021, 2026 WL 742650 (2d Cir. Mar. 17, 2026).

Taken together, these considerations demonstrate that KRA would be meaningfully prejudiced if Plaintiff proceeds under a pseudonym. Thus, this factor too weighs in favor of disclosure.

### III.    PLAINTIFF'S CLAIMS DO NOT CONCERN HIGHLY SENSITIVE MATTERS OF A PERSONAL NATURE.

This case does not concern matters of a highly sensitive and personal nature and thus weighs against anonymity. *See Sealed Plaintiff*, 537 F.3d at 190. Courts consider whether the matter involves topics of a highly sensitive and personal nature, including "birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families." *Townes*, 2020 WL

---

[4]    Plaintiff's Complaint and the criminal proceedings describe that the criminal enterprise used Plaintiff's phone number, his email address, and his status as a high-net-worth investor—information Plaintiff made public—to commit their theft. Am. Compl., ¶¶ 87–109; *see, e.g.,* Ex. E. at 5-6.

2395159, at *3 (citation omitted). A litigant's wealth, however, does not warrant proceeding pseudonymously. *See Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) ("Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." (quoting *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988))).

Plaintiff bases his Motion on the premise that his status as a "high-net-worth cryptocurrency investor[]" is sensitive information. *See* Pl. Mem. 3. But a litigant's wealth is not the kind of sensitive, deeply personal information this factor is designed to protect. Moreover, Plaintiff has already publicized his status as a wealthy cryptocurrency investor. *See supra* Section I. This factor thus weighs in favor of denying the Motion.

## IV. PLAINTIFF IS NOT PARTICULARLY VULNERABLE IN LIGHT OF HIS AGE.

Courts applying the *Sealed Plaintiff* factors consider a party's age when evaluating vulnerability. *Doe v. Deloitte LLP Grp. Ins. Plan*, No. 23 Civ. 4743 (JPC), 2023 WL 3993758, at *1–2 (S.D.N.Y. June 13, 2023) (permitting a father and minor son to proceed under a pseudonym when the case involved the minor's mental health); *Be v. Comcast Corp.*, No. 20-CV-8571 (JPC), 2021 WL 694556, at *1–2 (S.D.N.Y. Feb. 23, 2021) (permitting plaintiff and minor daughter to proceed under a pseudonym when the cased involved the minor's mental health); *United States v. Terranova*, 750 F. Supp. 3d 15, 26-28 (E.D.N.Y. 2024) (permitting minors testifying about sexual crimes committed against them to testify under a pseudonym). "If a plaintiff is not a child, this factor weighs against a finding for anonymity." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021) (citation omitted). Where an adult plaintiff levels serious accusations against a defendant in the public eye, this factor weighs in favor of disclosure so that plaintiff "shoulder[s] the burden of such accusations." *Fashion Inst. of Tech.*,  2025 WL 1000927, at *4 (citation

omitted), *reconsideration denied*, No. 25 CIV. 950 (JPC), 2025 WL 1920065 (S.D.N.Y. July 11, 2025).

This factor weighs against Plaintiff. No minors are involved. Plaintiff was an adult at the time of both the KRA security incident and the criminal enterprise's scheme.

## V.    PLAINTIFF IS NOT AT RISK OF RETALIATION.

When identification of a plaintiff does not pose a risk of retaliatory physical or mental harm, this factor weighs in favor of disclosure. *See Sealed Plaintiff*, 537 F.3d at 190. Courts evaluate whether *a party to the lawsuit* would retaliate against the party seeking anonymity based on the parties' prior interactions. *Townes*, 2020 WL 2395159, at *4 ("A risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) from defendant(s)."). Even so, "a defendant's prior knowledge of the plaintiff's identity weighs against" pseudonym use. *Id.*; *Doe v. United States*, No. 16-cv-7256 (JGK), 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017).

KRA has never retaliated—and will never retaliate—against Plaintiff. Plaintiff appears to concede as much given his willingness to disclose his identity to KRA. Pl. Mem. 1. Moreover, KRA already knows Plaintiff's identity, rendering any concern about retaliation moot. And as discussed in Section I, ██████████████████████████████ provide enough information for anyone to determine Plaintiff's identity. *See* Ex. A ██████████ ██████████████████████; Ex. B (same); Ex. D ██████████████ ██████████████████; Ex. E ██████████████ ██████; Ex. F (same); Ex. G (same); Naga Avan-Nomayo, *Hacked Bitcoin whale may have lost $238m: ZachXBT*, Crypto News (noting the victim may be a Genesis creditor).

Although Plaintiff has not alleged a fear of future attack from the criminal enterprise, withholding disclosure of his name in this proceeding would do nothing to protect him because

10

the criminals know who he is. *See Doe v. United States*, 2017 WL 2389701, at *3; *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying request to proceed anonymously in part because "those who presumably would have any animosity toward [the plaintiff] already know her true identity"); Am. Compl. ¶¶ 84–109 (detailing the criminal enterprise's actions). Plaintiff has likewise not alleged any risk of retaliatory harm to "innocent non-parties." *See Sealed Plaintiff,* 537 F.3d at 190.

This factor weighs against anonymity.

## VI.    THE PUBLIC HAS AN INTEREST IN THIS LAWSUIT WHICH IS SERVED BY REVEALING PLAINTIFF'S IDENTITY.

Three *Sealed Plaintiff* factors focus on the public's interest in a party's identity: whether the suit is between private parties, whether the public's interest is furthered by disclosure, and whether the issues are purely legal in nature. 537 F.3d at 190 (factors 5, 8, and 9). Courts recognize that the public has an inherent interest in open judicial proceedings—even between private litigants—because the public has an interest "in enforcing legal and social norms." *Townes*, 2020 WL 2395159, at *5 (citation omitted). Accordingly, "[c]ourts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government." *Id.* When litigation involves particular conduct and events between private parties, as opposed to abstract challenges to public policy, open proceedings serve the public's interest in factfinding and fair adjudication. *Fashion Inst. of Tech.*, 2025 WL 1000927, at *5. And courts have found that the public has a legitimate interest in knowing the underlying facts of a litigation and the identity of the parties involved. *Alexander*, 2025 WL 1637941, at * 5.

This dispute is between private litigants and does not involve abstract challenges to public policy. Plaintiff's claims center on a specific security incident at KRA and a crime perpetrated against Plaintiff by a criminal enterprise—precisely the kind of factual controversy that furthers

the public's interest in enforcing legal and social norms through open proceedings. Plaintiff claims "there is nothing about Plaintiff['s] identit[y] [that is] critical to the public's understanding of this case[,]" but that is wrong. *See* Pl. Mem. 8. Plaintiff, ███████████████████████, chose to make his name, email address, and large-creditor status public. That fact not only defeats his request for anonymity in this Motion, but is central to KRA's defense of the underlying claims.

Plaintiff contends that the private-litigant factor is inapplicable because KRA has already sustained reputational damage from its public notice of the security incident. Pl. Mem. 6. That argument is misplaced for two reasons. First, it ignores the public's independent interest in enforcing legal and social norms—an interest that attaches to every suit between private parties. Second, Plaintiff levels serious allegations against KRA, asserting that it "fail[ed] to adequately monitor, evaluate, and ensure the security of [KRA's] systems and networks[,]" and "fail[ed] to reasonably inform Plaintiff after the [KRA] Data Breach" and that KRA's conduct amounted to "blatant failure to implement and maintain adequate systems." Am. Compl. ¶¶ 129, 136. But Plaintiff conflates two distinct propositions: the occurrence of a data breach does not establish that any party was negligent. Cyberattacks are an unfortunate reality, and the evidence will demonstrate that KRA was neither negligent nor grossly negligent. There is a vast gulf between acknowledging that a security incident occurred and proving that the defendant acted with gross negligence. *See, e.g.*, *In re Waste Mgmt. Data Breach Litig.*, Nos. 21cv6147 (DLC), 21cv6199 (DLC), 21cv6257 (DLC), 21cv6902 (DLC), 2022 WL 561734, at *4–5 (S.D.N.Y. Feb. 24, 2022) (noting that "[l]arge data breaches regularly occur, and their frequency is only increasing" and dismissing a negligence claim because the plaintiffs did not allege that a data breach was caused by the defendant's unreasonable conduct). Moreover, KRA will suffer reputational damage from Plaintiff's

allegations if the public is presented with an incomplete and misleading picture of the facts—one from which KRA cannot fully defend itself. *See supra* Section II.

Because this case involves a dispute between private parties, does not implicate abstract public policy concerns, and KRA's reputation stands to be damaged by Plaintiff's baseless allegations, this factor weighs in favor of disclosure.

## VII.   DISCLOSING PLAINTIFF'S IDENTITY WOULD NOT SUBJECT HIM TO INCREMENTAL RISK OF HARM.

Plaintiff cannot demonstrate that disclosing his name in these proceedings would subject him to any incremental risk of harm because his identity and status as a high-net-worth cryptocurrency investor are already in the public domain. Courts ask "whether identification presents other harms and the likely severity of those harms." *Sealed Plaintiff*, 537 F.3d at 190. "[T]o justify the exceptional relief of proceeding anonymously, [a] plaintiff must establish with sufficient specificity the incremental injury that could result from disclosure of [his] identity." *Doe v. Freydin*, No. 21 Civ. 8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021); *see Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (declining to grant anonymity when plaintiff could not present "more direct evidence linking disclosure of her name to a specific physical or mental injury").

KRA is sensitive to Plaintiff's concerns regarding the criminal targeting of high-net-worth cryptocurrency holders. Yet Plaintiff's reliance on other courts' rulings is misplaced because those courts applied different legal standards to materially different circumstances. Plaintiff principally relies on two bankruptcy court decisions ordering the redaction and sealing of individual cryptocurrency creditor names, but those decisions are inapposite. *See* Pl. Mem. 4 (citing to Pl. Ex. A and Hr'g Tr. June 9, 2023, *In re FTX Trading LTD.*, No. 22-11068 (JTD), ECF 1612 (Bankr. D. Del. June 12, 2023) ("Ex. H"). Notably, those courts applied a statutory standard exclusive to

bankruptcy proceedings—one that accounts for, among other things, the risk of identity theft.[5]

11 U.S.C. §§ 107(b)–(c). The *Sealed Plaintiff* factors require an entirely different multifactored

analysis.

Setting that threshold distinction aside, the bankruptcy courts' orders permitted redactions

for individuals who were *not* active participants in those proceedings. ██████████████████

████████████████████████████████████████████████████████████

███████████████████████ As Judge Lane, who presides over the Genesis bankruptcy,

explained:

> I think some people may have misunderstood where the line was in terms of sealing.
> That is if you inject yourself into it and you want to be an active participant, you
> can't – – you can't be under seal. And that's consistent with what I know the judge
> has done in FTX. And I think that's consistent with the opinion that was issued as
> sealing in this case by me.

*See* Hr'g Tr. Feb. 16, 2024, 31:14–31:24, *In re Genesis*, ECF 1348, (Bankr. S.D.N.Y. Feb. 21,

2024) ("Ex. I"). In his Memorandum of Decision regarding the Sealing Order, Judge Lane cited *In

re FTX* for the proposition that "cryptocurrency customers of creditors who are members of official

and ad hoc committees of creditors must identify themselves and are not protected under

Section 107(b) or (c) from disclosure of their names 'because people have a right to know who

they're litigating against.'" Pl. Ex. A at 37 (quoting Ex. H, 158:22–159:7). Indeed, Judge Dorsey,

who presided over the FTX bankruptcy proceedings, stated:

> On the [Rule] 2019 issue for the Ad Hoc Committee . . . You have an Ad Hoc
> Committee who wants to participate actively in the case. As I said with members
> of the Unsecured Creditors Committee, if you want to be a member of the
> Unsecured Creditors Committee, you have to identify yourself because people have
> a right to know who they are litigating against and they can't do that if they don't

---

[5] Under bankruptcy proceedings creditors stand to receive assets via future distributions, posing a risk for identity theft to usurp those assets. That is not the case here where Plaintiff has alleged a sustained loss.

14

know who they are. So I don't think that they are protected under 107(c) or (b), and those names have to be disclosed if they're going to participate.

Ex. H, 158:22–159:7.

 Plaintiff affirmatively made public his name, personal email address, and status as a large cryptocurrency investor. The reasoning of both the Genesis and FTX bankruptcy courts in their respective sealing decisions undercuts Plaintiff's position: ███

████████

████████████

Plaintiff also relies on the motion to proceed under pseudonym granted in *Doe 1 et al. v. Kroll Restructuring Administration LLC,* ("*Does v. KRA*"). *See* Pl. Ex. B. But the circumstances there were materially different. In *Does v. KRA*, KRA did not oppose the motion and the court concluded that "there is nothing about [the plaintiffs'] identities which are critical to the public's understanding of [that] case." Pl. Ex. B at 4. Here, by contrast, KRA does oppose the Motion precisely because Plaintiff's identity is critical to the public's understanding of the case. Plaintiff alleges that criminals targeted him after obtaining KRA's database related to the Genesis bankruptcy which revealed that he "held vast amounts of virtual currency." Am. Compl. ¶ 85. But Plaintiff had already revealed that status ███████. Unlike Plaintiff, the putative class's named plaintiffs in *Does v. KRA* were not publicly known creditors ███████

████████.

Plaintiff has not demonstrated that disclosing his name would engender any harm beyond that which he already faces. This factor weighs in favor of disclosure.

## VIII. THERE ARE ALTERNATIVE MECHANISMS TO PROTECT THE CONFIDENTIALITY OF THE PLAINTIFF.

Finally, there are alternative measures available to protect sensitive, non-public facts—to the extent any exist—without the extraordinary step of allowing Plaintiff to proceed under a

pseudonym. "Courts have held that plaintiffs 'can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order.'" *Alexander*, 2025 WL 1637941, at \*6 (quoting *Doe v. Combs*, No. 24 Civ. 8852 (JPC), 2025 WL 950685, at \*6 (S.D.N.Y. Mar. 28, 2025)).

To the extent there are facts not yet in the public domain—such as the precise extent of Plaintiff's current wealth—Plaintiff can seek targeted redactions at the appropriate time. The parties could also enter into a confidentiality agreement to protect sensitive information from public disclosure, without resorting to blanket anonymity. Plaintiff instead seeks a measure that would disserve the public and prejudice KRA far more than it would protect any legitimate privacy interest. This factor, too, favors disclosure.

## CONCLUSION

For the foregoing reasons, the *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed under a pseudonym. Plaintiff has not met his burden to overcome the presumption of openness in judicial proceedings and his Motion should be denied.

16

Dated: April 15, 2026
New York, New York

Respectfully submitted,

/s/ Lara A. Flath

Lara A. Flath
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
lara.flath@skadden.com

William E. Ridgway
 (*pro hac vice* forthcoming)
Clare B. Lilek
 (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
320 S. Canal St., Ste 4700
Chicago, Illinois 60606
Tel: (312) 407-0700
william.ridgway@skadden.com
clare.lilek@skadden.com

*Counsel for Defendant Kroll Restructuring
Administration LLC*

17

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that memorandum of law contains 4,898 words, and thereby complies with the length limitations set by Local Rules 7.1(c) and the Individual Rules and Practices in Civil Cases set forth by Judge Cronan, Rule 2(B).

*/s/ Lara A. Flath*
Lara A. Flath

18