UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                 :
JOHN DOE,                                                        :
                                                                 :
                                    Plaintiff,                   :
                                                                 :
                 -v-                                             :          26 Civ. 2363 (JPC)
                                                                 :
KROLL RESTRUCTURING ADMINISTRATION LLC,  :                                  ORDER
                                                                 :
                                    Defendants.                  :
                                                                 :
-------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Before the Court is Defendant Kroll Restructuring Administration LLC's request to stay

full discovery, pending the Court's ruling on its motion to dismiss, which was filed on June 29,

2026, Dkts. 46-50, and should be fully briefed by August 19, 2026, *see* Dkt. 41.  Dkt. 44 ("Joint

Letter") at 1-2.  On June 12, 2026, the parties submitted a proposed case management plan and

scheduling order, in which they agree to conduct partial discovery to consist of exchanging initial

disclosures, serving initial requests of production and interrogatories, and negotiating joint orders,

but dispute whether further discovery should occur prior to resolution of Defendant's motion.  *See*

*id.* at 1; *see* Dkt. 44-1 ¶ 6.b.  In requesting a stay, Defendant argues document discovery would be

unduly burdensome, that its motion to dismiss is meritorious and could partially if not entirely

resolve the case "particularly given [its] immunity and exculpation defenses," and that Plaintiff

faces no risk of unfair prejudice.  Joint Letter at 2.  Plaintiff maintains that Defendant has not met

its burden of showing that a stay is warranted.  *See id.* at 2-3.

        "A motion to dismiss does not automatically stay discovery, and discovery should not be

routinely stayed simply on the basis that a motion to dismiss has been filed."  *Khan v. New York*

*City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (citation modified).  Rather, "upon a showing of

good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Hong Leon Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation modified). In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (citation modified). Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

After weighing these factors, the Court concludes that Defendant fails to show that good cause exists to stay document discovery in this case. Defendant has not shown that the breadth and burden of discovery warrant a stay. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs v. Burgess*, No. 25 Civ. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). Yet Defendant provides no reason why document discovery in this case, which involves just two parties and four claims, would create such complexity. Defendant's general and conclusory argument that "the costly expense of collection and review of documents" would be unduly burdensome, Joint Letter at 1, is unavailing. *See Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome.").

It is true that Defendant's motion to dismiss, which raises immunity and exculpation defenses, could dispose of some or even all of Plaintiff's claims. Nevertheless, "filing a potentially meritorious motion to dismiss does not entitle a defendant to a discovery stay absent a showing of good cause." *Turkot v. Zoll Med. Corp.*, No. 25 Civ. 8183 (JPC), 2026 WL 453910, at *1

(S.D.N.Y. Feb. 18, 2026). Without prejudging the merits of Defendant's motion, Plaintiff's claims do not appear to be clearly unmeritorious. *Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023) ("[I]n assessing whether a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." (citations omitted)); *see generally* Dkt. 40 (Plaintiff's pre-motion letter setting out its arguments opposing Defendant's anticipated motion to dismiss). And while Plaintiff does not assert prejudice by a partial stay, *see* Joint Letter at 3, lack of prejudice does not save an otherwise deficient stay request. *See Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay.").

Accordingly, the Court denies Defendant's motion for a partial stay of discovery pending the Court's ruling on Defendant's motion to dismiss. By July 16, 2026, the parties shall submit a revised proposed civil case management plan and scheduling order.

SO ORDERED.

Dated: July 9, 2026　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　New York, New York　　　　　　　　　　　　　JOHN P. CRONAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge