**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>KROLL RESTRUCTURING ADMINISTRATION LLC,<br><br>*Defendant*. | Case No.: 1:26-cv-02363-JPC<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to F.R.C.P. 26(c), and in the interest of efficiency and judicial economy, Plaintiff John Doe and Defendant Kroll Restructuring Administration LLC (the "Parties") hereby stipulate and agree to this Order and the procedures set forth herein for designating and protecting confidential or proprietary information. Any person subject to this Order—including without limitation the Parties to this Action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms.

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and use is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order pursuant to F.R.C.P. 26(c). This Order does not confer blanket protection on all disclosures or responses to discovery; rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles, and it does not presumptively entitle the Parties to file confidential information under seal.

Nothing in this Order addresses, resolves, or prejudices any Party's position on Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 10).

Nothing in this Order, which represents a compromise among the Parties, constitutes an admission, concession, or evidence regarding any fact, the nature or sensitivity of any information, the occurrence or scope of any unauthorized access, or the merits of any claim or defense. No Party shall offer this Order, or any designation made under it, as evidence for any purpose other than enforcement of this Order.

2. SCOPE

The protections conferred by this Order cover all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits ("Discovery Material") designated as Confidential or Highly Confidential Material as described below, and information derived directly therefrom including (1) any information copied or extracted from Confidential or Highly Confidential Material; (2) all copies, excerpts, summaries, or compilations made of or from Confidential or Highly Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel gleaned from Confidential or Highly Confidential Material produced or adduced in the course of discovery. This Order does not modify any obligations the Parties may have under the Confidentiality Agreement and Protective Order entered in *In re: Genesis Global Holdco, LLC*, Case No. 23-10063, ECF Nos. 238 & 2196 (Bankr. S.D.N.Y.) (the "*Genesis* Protective Order"), and no Party waives any right under that order. If Discovery Material produced in this litigation duplicates material that was lawfully in a receiving Party's possession, custody, or control and that Party has

obligations with respect to that material under the *Genesis* Protective Order, that Party is not required to change its treatment of the material.

3. <u>"CONFIDENTIAL MATERIAL" AND "HIGHLY CONFIDENTIAL MATERIAL"</u>

3.1 As used in this Order: "producing party" means a party or non-party that produces or discloses material in this action; "receiving party" means a party that receives Confidential or Highly Confidential Material; "designating party" means a party or non-party that designates material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"; and "Party" means a party to this action.

3.2 A designating party may designate as "CONFIDENTIAL" material that the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person, its parents or affiliates, and/or third party to whom a duty of confidentiality is owed and that consists of:

(a) information prohibited from disclosure by statute or other law;

(b) information that reveals trade secrets;

(c) research, technical, commercial or financial information that the party has maintained as confidential or proprietary (or disclosed pursuant to a protective order);

(d) medical information concerning any individual;

(e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(f) personnel or employment records of a person who is not a party to the case; or

(g) personally identifiable information ("PII") other than that which is defined as "Sensitive Identifiers" in Section 3.3 below.

Discovery Material designated as "CONFIDENTIAL," together with materials derived from Discovery Material labeled "CONFIDENTIAL" as described in Section 2, is referred to in this Order as "Confidential Material". Categories (a)-(g) identify material that may be eligible for designation; the fact that Discovery Material falls within one or more of those categories does not, standing alone, establish that the Discovery Material qualifies for protection under the standard set forth above, and the presence of PII in a document does not, by itself, establish that the document or the information contained in it qualifies for designation.

3.3 A designating party may designate as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" extremely sensitive Confidential Material if good cause exists to permit disclosure of the Confidential Material only to the limited parties designated below in Section 4.2. Good cause exists when disclosure would create a substantial risk of serious harm that could not be avoided by less restrictive means. Without limiting the foregoing, any individual's Sensitive Identifiers may be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." "Sensitive Identifiers" means Social Security number, date of birth, driver's license or other government identification number, passport number, taxpayer or employer identification number, financial account or payment card numbers, account credentials (including usernames paired with passwords, security questions and answers, one-time passcodes, private keys, seed phrases, or recovery phrases), and biometric data. With good cause, the receiving party may challenge such designation according to the procedures described in Section 7. Discovery Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," together with materials derived from Discovery Material labeled "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as described in Section 2, is referred to in this Order as "Highly Confidential Material."

3.4 Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, information, or oral or written communications that qualify—so that other portions of the material, documents, items, information, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party or their attorneys may use Confidential or Highly Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Highly Confidential Material may be disclosed only to the categories of persons and under the conditions described in Sections 4.2 and 4.3 of this Order. Confidential or Highly Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order. Storage and maintenance of Confidential or Highly Confidential Material must also comply with Section 4.6.

4.2 Disclosure of Highly Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) the Parties' outside counsel and in-house counsel (including in-house counsel employed by a Party's parent or affiliate and performing legal functions for that Party) participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant, and/or other assistant employed by such counsel and involved in this matter;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court, including any appellate court, court personnel, and court reporters and their staff;

(d) any mediator or arbitrator engaged by the parties or appointed by the Court in this matter, provided such person has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic productions services, mock jurors, e-discovery vendors, or other litigation support services) that counsel hires and assigns to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such persons have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f) during or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Material must be separately bound by the court reporter and may not be

disclosed to anyone except as permitted under this Order;

(g) stenographers and videographers engaged to transcribe deposition conducted in this action;

(h) any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgments, provided such person has first signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) any other person or third-party whom the producing person, or other person designating the Highly Confidential Material, agrees in writing may have access to such Discovery Material or to whom the Court orders disclosure, provided such person has first signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(k) Notwithstanding the foregoing, employees, agents, and vendors of a receiving party to whom disclosure is reasonably necessary solely to identify, locate, search for, collect, preserve, or authenticate the receiving party's own records, systems, or data, provided such persons has first signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.3 Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a) All individuals identified in Section 4.2;

(b) the Parties to this Action, their insurers, and counsel to their insurers;

(c) the officers, directors, and employees (including in-house counsel) of the receiving party, or of any parent or affiliate of the receiving party that provides legal, compliance,

information-security, or other business services to the receiving party, to whom disclosure is reasonably necessary for this litigation; and

(d) during or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

4.4 Filing Confidential Material. Before filing Confidential or Highly Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential or highly confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Any Party that seeks to file any Confidential or Highly Confidential Material must file a motion to seal, identifying (by bates number) any Confidential or Highly Confidential Material that any Party wishes to file under seal, and comply with the provisions for filing materials under seal contained in the Local Rules and the Court's Individual Rules and Practices. The designation of documents or materials as Confidential or Highly Confidential Material shall not constitute evidence as to whether such documents or materials may properly be sealed. If the Party filing the motion to seal is not the Party that designated the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

designating party, in its response to the motion to seal, shall have the burden to justify the need for the Confidential or Highly Confidential Material to be filed under seal.

4.5 Exceptions. This Order does not apply to information that is or becomes publicly available, other than through a violation of this Order or of any other confidentiality obligation. Nothing in this Order restricts a Party's use or disclosure of its own information or documents.

4.6 Data Security. Any receiving party in possession of another Party's or a non-party's Confidential or Highly Confidential Material shall protect such material using reasonable and appropriate administrative, physical, and technical safeguards consistent with a recognized industry framework, including multi-factor authentication for remote access to systems hosting such material and encryption of such material in transit and, where reasonably practicable, at rest. A receiving party may satisfy this Section by maintaining Confidential or Highly Confidential Material within a commercial eDiscovery or litigation-support platform that maintains such safeguards. If a receiving party discovers any actual or reasonably suspected unauthorized access to, or loss or unauthorized disclosure of, another party's Confidential or Highly Confidential Material, it shall promptly, and in any event within five (5) business days of discovery, notify the designating party in writing and shall comply with Section 9.

4.7 Party's Own Information. Nothing in this Order shall be construed to limit, restrict, or impose any obligation upon a Party's possession, retention, internal access to, or use in the ordinary course of its business (including the performance of its engagements and court appointments) of information or documents that the Party lawfully obtained or created independently of this Action, including information contained in the Party's own business records and systems, notwithstanding that the same or substantially similar information may also have been produced and designated in this Action.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains Confidential or Highly Confidential Material, respectively.

(b) Testimony given in deposition or in other pretrial proceedings: Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Material until the expiration of the following: No later than 30 days after the transcript is delivered to any Party or the witness, and in no event later than 45 days after the testimony was given. Within this time period, a Party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Highly Confidential Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential Material, unless otherwise agreed by the Parties or ordered by the Court.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s)

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Material.

6. NON-PARTY DISCOVERY

6.1 Requesting Party Obligations. Any Party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order. In the event a non-party has produced information in response to a subpoena or request, any Party receiving such information from the non-party shall ensure that the other Party receives copies of the non-party's production within five (5) business days of the receiving party's receipt of such production, or in the case of voluminous materials or other exceptional circumstances, the Party receiving such information from the non-party shall notify the other party of its receipt of such production within three (3) business days, and shall provide copies of the non-party production as soon as practicable.

6.2 Non-Party Designations. A non-party from whom the Parties seek discovery may designate Discovery Material it produces to a party to this action as Confidential or Highly

Confidential consistent with the terms of this Order. In such circumstances, Discovery Material designated as Confidential or Highly Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a Party, and all duties applicable to a party under this Order shall apply to a non-party designating Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from a non-party. In addition, a Party may designate as Confidential or Highly Confidential Material any Discovery Material produced by a non-party that contains information as to which the Party, or its parents or affiliates, would have been entitled to make such a designation had the Party produced the material, by providing written notice of the designation to all Parties within thirty (30) days after its receipt of the non-party's production; upon such notice, the material shall be treated in accordance with the designation.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 Meet and Confer. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list

the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Parties will follow the Local Rules and this Court's Individual Rules and Practices for discovery disputes. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Highly Confidential Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. However, if a Party is served with a subpoena, court order, or discovery request issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

a) promptly notify the designating party in writing and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena, court order, or discovery request (unless such action is prohibited by law);

b) promptly notify in writing the Party who caused the subpoena, court order, or discovery request to issue in the other litigation that some or all of the material

covered by the subpoena, court order, or discovery request is subject to this Order. Such notification shall include a copy of this Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8.2 If the designating party timely seeks a protective order from the court from which the subpoena or order is issued, the Party served with the subpoena or court order shall not produce any Confidential or Highly Confidential Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its confidential discovery material in the other court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9.1 If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately:

a) notify in writing the designating party of the unauthorized disclosure(s);
b) use its best efforts to retrieve all unauthorized copies of the protected material;
c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and
d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.2 Nothing in these provisions limits or prohibits a Party or non-party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its protected material, including but not limited to attorneys' fees and costs associated with enforcing its rights

under this Order.

10. REDACTED PRODUCTIONS

In the event that a Party to this action is required to disclose Discovery Material containing the Sensitive Identifiers, names, email address, physical address, or telephone numbers of non-party creditors or claimants to this action, that producing party is entitled to redact such information from the production. The redacting party shall disclose to the receiving party the nature of the redacted information at the time of production. The receiving party may challenge the redaction according to the procedures described in Section 7.

11. FINAL DISPOSITION AND RETURN OR DESTRUCTION OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all Confidential or Highly Confidential Material, including all copies. Whether the Confidential or Highly Confidential Material is returned or destroyed, the receiving party must, within the same 60-day period, submit a written certification to the producing party confirming that all Confidential or Highly Confidential Material has been returned or destroyed and that the receiving party has not retained any copies, except as expressly permitted below.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Material. Any such archival copy remains subject to the confidentiality obligations of this Order.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

12. CONTINUING JURISDICTION AND REMEDIES

The Court shall retain jurisdiction, even after termination of this action, to enforce this Order and to make such amendments, modifications, and additions to this Order as the Court may deem appropriate. Any Party may seek all available remedies for a violation of this Order, including injunctive relief, contempt, and any other relief available at law or in equity.

DATED this 17th day of August, 2026.

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By: *s/ Kelly K. McNabb*
Kelly K. McNabb
Jason L. Lichtman
Michael J. Miarmi
Sean A. Petterson
250 Hudson Street, 8th Floor
New York, New York 10013
(212) 355-9500
kmcnabb@lchb.com
jlichtman@lchb.com
mmiarmi@lchb.com
spetterson@lchb.com

Annie M. Wanless (Pro Hac Vice)
275 Battery Street, 29th Floor
San Francisco, California 94111
(415) 956-1000
awanless@lchb.com

*Attorneys for Plaintiff*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: *s/ Lara A. Flath*
Lara A. Flath
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
lara.flath@skadden.com

William E. Ridgway (pro hac vice)
Clare B. Lilek (pro hac vice)
320 S. Canal St., Ste 4700
Chicago, Illinois 60606
Phone: (312) 407-0700
william.ridgway@skadden.com
clare.lilek@skadden.com

*Attorneys for Defendant Kroll Restructuring Administration LLC*

SO ORDERED, with the further caveat that paragraph 4.4 of this Stipulation and Order does not excuse the parties from their obligation to comply with section 4 of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings.

**IT IS ORDERED** that the foregoing Stipulation is approved.

DATED: August 18, 2026

JOHN P. CRONAN
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ____________________________________ [print or type full name], of ____________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on ______________ in the case of *John Doe v. Kroll Restructuring Administration LLC*, Case No. 1:26-cv-2363 (S.D.N.Y). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _________________________

City and State where sworn and signed: ____________________________

Printed name: __________________

Signature: _____________________